

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

Rachelle M. Navarro
Assistant United States Attorney

2021R00037/RMN/PL AGR

970 Broad Street, 7th floor
Newark, New Jersey 07102

973-645-2700

October 4, 2024

**VIA EMAIL**

Brooke M. Barnett, Esq.
60 Park Place, Suite 1000
Newark, New Jersey 07102

> Re: Plea Agreement with Jahad Burgess
> ~~Mag. No. 22-8165 (JSA)~~  25-CR-569(CCC)

Dear Ms. Barnett:

This letter sets forth the plea agreement between your client, Jahad Burgess ("BURGESS"), and the United States Attorney for the District of New Jersey ("this Office"). **This offer will expire on October 17, 2024, if it is not accepted in writing by that date.** If BURGESS does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from BURGESS to a two-count Information. Count One charges BURGESS with conspiracy to distribute fentanyl, a Schedule II controlled substance, and cocaine, a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846. Count Two charges BURGESS with possession with the intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). If BURGESS enters a guilty plea and is sentenced on these charges, and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against BURGESS for, on or about November 9, 2021, distributing or possessing with intent to distribute fentanyl and cocaine, or conspiring with another to do the same.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain

in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against BURGESS even if the applicable statute of limitations period for those charges expires after BURGESS signs this agreement, and BURGESS agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 21 U.S.C. § 846 charged to which BURGESS agrees to plead guilty carries a statutory maximum prison sentence of 20 years' imprisonment and a statutory maximum fine equal to the greater of: (1) $1,000,000, or (2) twice the gross profits or other proceeds to BURGESS.

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) charged to which BURGESS agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000; or (2) twice the gross profits or other proceeds to BURGESS.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon BURGESS is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence BURGESS ultimately will receive.

Further, in addition to imposing any other penalty on BURGESS, the sentencing judge as part of the sentence:

(1) will order BURGESS to pay an assessment of $100 per count ($200 here) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order BURGESS to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) must order forfeiture, pursuant to 21 U.S.C. § 853 of: (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, and (b) any property used, or intended to be used, in any matter or part, to commit, or to facilitate the commission of, such violation;

(4) may deny BURGESS certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5) pursuant to 21 U.S.C. § 841, must require BURGESS to serve a term of supervised release of at least three years, which term will begin at the expiration of any term of imprisonment imposed. If BURGESS violates any of the conditions of supervised release before the expiration of its term, BURGESS may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of his acceptance of responsibility, BURGESS agrees to forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in the Information, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense. Such property includes, but is not limited to, approximately $1,253 in United States currency, was seized on or about November 9, 2021 (the "Specific Property"), which BURGESS acknowledges were involved in the commission of knowing violations of the offenses charged in the Information.

BURGESS agrees to waive all interest in the Specific Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. BURGESS agrees to consent to the entry of orders of forfeiture for the Specific Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. BURGESS understands that the forfeiture of the Specific Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Furthermore, BURGESS waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

BURGESS further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981 and/or 982. BURGESS agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent BURGESS has filed a claim or petition in any

administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. BURGESS further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

BURGESS consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title, and interest in the Specific Property. BURGESS further waives any additional notice requirement in connection with the forfeiture and abandonment of this property and consents to the destruction of the forfeited and abandoned property at the discretion of federal, state, and/or local law enforcement.

BURGESS further waives, abandons, and surrenders to federal, state, and/or local law enforcement all of his right, title, and interest in the Springfield Armory Model XD, 0.45 caliber handgun, bearing serial number GM513092 and 11 rounds of 0.45 caliber ammunition, which was seized on or about November 9, 2021 (the "Additional Property").

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on BURGESS by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of BURGESS's activities and relevant conduct with respect to this case.

Stipulations

This Office and BURGESS will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A

stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and BURGESS waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

BURGESS understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in BURGESS being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. BURGESS understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. BURGESS wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause BURGESS's removal from the United States. BURGESS understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, BURGESS waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. BURGESS also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against BURGESS. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No Other Promises

This agreement constitutes the entire plea agreement between BURGESS and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: Rachelle M. Navarro
Assistant United States Attorney

APPROVED:

ELAINE K. LOU
Deputy Chief, Criminal Division

I have received this letter from my attorney, Brooke M. Barnett, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____ on behalf     Date:  10/23/24
Jahad Burgess              of Defendant         9-25-25   9/24/25
                                                   24


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____                Date:  10/23/24
Brooke M. Barnett, Esq.
Counsel for Defendant

- 7 -

## Plea Agreement with Jahad Burgess

## Schedule A

1. This Office and Jahad Burgess ("BURGESS") agree to stipulate to the following facts:

    a. On or about November 9, 2021, BURGESS, in the District of New Jersey, conspired with at least one other to distribute fentanyl, a Schedule II controlled substance, and cocaine, a Schedule II controlled substance. Specifically, BURGESS conspired to distribute approximately 10.88 grams of fentanyl and approximately 2.860 grams of cocaine.

    b. On or about November 9, 2021, BURGESS, in the District of New Jersey, possessed with the intent to distribute a mixture and substance containing fentanyl, a Schedule II controlled substance. Specifically, BURGESS possessed approximately 7.493 grams of fentanyl.

    c. On or about November 9, 2021, in connection with the distribution conspiracy, at least one other member of the conspiracy possessed a Springfield Armory Model XD, 0.45 caliber handgun, bearing serial number GM513092 loaded with 11 rounds of ammunition (the "Firearms and Ammunition").

2. To the extent the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3. The parties agree that a term of imprisonment within the range of 70 to 87 months (the "Stipulated Range") is reasonable taking into account all of the factors set forth in 18 U.S.C. § 3553(a). The parties recognize, however, that the Stipulated Range will not bind the District Court. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.

4. If the District Court imposes a term of imprisonment within the Stipulated Range:

    a. This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

      b. BURGESS will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

      c. These waiver provisions, however, do not apply to:

          i. Any proceeding to revoke the term of supervised release.

          ii. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

          iii. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

5. Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.